IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS, AUSTIN DIVISION

CASE NO.

54 BROADCASTING, INC.,

    Plaintiff,

v.

LIN TELEVISION OF TEXAS, L.P.,
THOMAS J. VAUGHAN, INDIVIDUALLY
AND D/B/A VAUGHAN MEDIA, LLC,

    Defendants.

**A08CA0030SS**

## PETITION FOR REMOVAL

Defendants Lin Television of Texas, L.P. ("Lin"), Thomas J. Vaughan ("Vaughan") and

Vaughan Media, LLC ("Vaughan Media") (collectively, "Defendants") file this Notice of Removal

of the above-captioned action, which was filed by the Plaintiff, 54 Broadcasting, Inc. ("Plaintiff"),

in the 53rd Judicial District Court of Travis County, Texas, Cause Number D-1-GN-07004233. In

support of this Notice of Removal, Defendants state that, pursuant to 28 U.S.C. §1441 *et. seq.*,

diversity of citizenship exists between the Plaintiff and Defendants and would also show the

following in support:

## ALLEGATIONS IN SUPPORT OF REMOVAL JURISDICTION

On December 10, 2007, Plaintiff filed "Plaintiff's Original Petition," Cause No. D-1-GN-

07004233, in the 53rd Judicial District Court of Travis County, Texas (the "State Court Action").

Copies of all process, pleadings, and orders served upon Defendants in the State Court action are

attached hereto as Exhibit A

## TIMELINESS OF REMOVAL

On or after December 11, 2007, Defendant Lin was served with Plaintiff's Original Petition. On or after December 11, 2007, Defendants Vaughan and Vaughan Media were served with Plaintiff's Original Petition.

Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days of Defendants' receipt of the copy of the initial pleading setting forth the claim for relief upon which this action is based. Declaratory Relief / Conspiracy

## COMPLETE DIVERSITY

Plaintiff is and was, at all relevant times, a citizen of Texas. (Plaintiff's Original Petition, ¶ 2).

Plaintiff's allegation that Defendant Lin has its principal place of business in Texas is incorrect. Defendant Lin is and was, at all relevant times, a Delaware limited partnership with its principal place of business in Rhode Island. Lin's partners, both general and limited, are citizens of states other than Texas.

Lin Television of Texas, Inc.—Defendant Lin's only general partner—is and was, at all relevant times, a Delaware corporation with its principal place of business in Rhode Island. Lin's two limited partners—KXAN, Inc. and KXTX Holdings, Inc.—are both incorporated in Delaware and are holding companies under Delaware law. To the extent they have a principal place of business, it is in a state other than Texas. The ultimate parent entity of these holding corporations is LIN Television Corporation, which is a Delaware corporation with its principal place of business in Rhode Island. Accordingly, Lin's limited partners are and were, at all relevant times, citizens of a state other than Texas.

Defendant Vaughan is and was, at all relevant times, a citizen of Florida. (Plaintiff's Original Petition, ¶ 4). Accordingly, Vaughan is a citizen of a state other than Texas.

Plaintiff has alleged that Vaughan Media is a nonexistent Illinois limited liability company. (Plaintiff's Original Petition, ¶ 4).  Vaughan Media does exist and is organized under the laws of Illinois where it has its principal place of business.

Vaughan Media's sole member is and was, at all relevant times, Defendant Vaughan. Defendant Vaughan is and was, at all relevant times, a citizen of Florida.  (Plaintiff's Original Petition, ¶ 4).  Accordingly, Defendant Vaughan Media is not a citizen of Texas.

The State Court Action constitutes a removable "civil action" under 28 U.S.C. §1441(b). This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1).  There is complete diversity between Plaintiff and Defendants.

The United States District Court for the Western District of Texas, Austin Division, is the district and division in which the State Court Action was filed.

## AMOUNT IN CONTROVERSY

The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs as required by 28 U.S.C. §1332(b).

This Court may make an independent evaluation of the monetary value of the claim to determine whether the amount in controversy exceeds $75,000.00.  When, as here, the plaintiff's petition does not allege a specific amount of damages[1], the removing defendant must demonstrate that the amount in controversy exceeds the statutory amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir.1993)). There are several ways to meet this burden.  In this instance, the Court can determine that removal was proper if it is facially apparent that the claims are likely above the statutory amount.  *Allen*, 63 F.3d at 1335.

---

[1] Indeed, under Texas procedure, a petition may only state "that the damages are within the jurisdictional limits of the court."  Rule 47 T.R.C.P.

In Plaintiff's Original Petition, Plaintiff is seeking both injunctive and monetary relief.  It is clear on the face of the complaint that Plaintiff's claims, either in conjunction with one another or separately, exceed $75,000.00.  Plaintiff's Original Petition includes an allegation that Defendants Lin and Vaughan Media conspired "to take unauthorized custody and control over the stock, Plaintiff's FCC license . . ." and that the conspiracy "will result in ***damages equal to the fair market value of the FCC license to operate KNVA***." (Plaintiff's Original Petition, ¶ 15) (emphasis added). Thus, the monetary relief sought by Plaintiff is the fair market value of the FCC license to operate KNVA, as well as the reasonable and necessary attorneys fees incurred in this action.  *See Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir.1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount.").

Furthermore, Plaintiff has requested a declaratory judgment.  When a plaintiff seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir.1983).  Stated another way, the amount in controversy in an action for declaratory relief "is the value of the right to be protected or the extent of the injury to be prevented." *Id.*  Plaintiff is seeking to have the Option and Put Agreement declared void.  The third amendment to this agreement reflects that the parties assigned a value of approximately $900,000 in the last year.  Thus, this Court can properly find that the object of this declaratory judgment action—to have the option declared void—has a value far in excess of $75,000 as required to confer jurisdiction.

Accordingly, removal is proper because Plaintiff seeks relief in excess of the minimum jurisdictional limit necessary to confer original jurisdiction over the action under 28 U.S.C. §1332.

## NOTICE

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being given to all parties, and a true and correct copy of the Notice of Removal is being filed with the clerk of the state court.

## STATE COURT PLEADINGS

Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendants in the State Court action are attached hereto as Exhibit A.

Dated: January 10, 2008.

Respectfully submitted,

**JACKSON WALKER L.L.P.**

By: _w/ permission_

Charles L. Babcock
Federal Bar No.: 10982
State Bar No. 01479500
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – Fax
Email: cbabcock@jw.com

ATTORNEY FOR DEFENDANT
LIN TELEVISION OF TEXAS, L.P.

**SCOTT, DOUGLASS & MCCONNICO, L.L.P.**

By: _w/ permission_

Stephen E. McConnico
State Bar No. 13450300
600 Congress Ave., 15th Floor
Austin, Texas 78701
(512) 495-6300
(512) 474-0731 – Fax
Email: smcconnico@scottdoug.com
Christopher D. Sileo
State Bar. No. 24027977
600 Congress Ave., 15th Floor
Austin, Texas 78701
(512) 495-6300
(512) 474-0731 – Fax

ATTORNEYS FOR DEFENDANTS
THOMAS VAUGHAN and
VAUGHAN MEDIA, LLC

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of January, 2008, a true and correct copy of the foregoing document was served via certified mail, return receipt requested and/or electronic delivery upon:

Mark Cohen
ATTORNEY FOR PLAINTIFF
805 West 10th Street, Suite 100
Austin, Texas 78701
Telephone: 512-474-4424
Facsimile: 512-472-5444

Charles L. Babcock

4969614v.2